HEIRS OF GARRIGA, PLAINTIFFS AND APPELLEES, *v.* O'MEARA
& CO., DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action
for Preference of Credits.

No. 2031.—Decided April 19, 1920.

PLEADING—COMPLAINT—DEMURRER—CAUSE OF ACTION.—When a complaint sets
up that the contract sued on was made by a certain named person and also
that the said person is the predecessor in interest of the plaintiffs, who de-
scribe themselves as the widow and children of the said person, the court
does not err in overruling a demurrer for lack of sufficient facts in not al-
leging the fact that gives a cause of action.

CONSTRUCTION OF LAW—PREFERENCE OF CREDITS—BANKRUPTCY.—Although in en-
acting the rules of the Civil Code with regard to the preference of credits
the Legislature had in mind the proceedings for composition and meeting of
creditors, which are now exclusively of federal jurisdiction, nevertheless many
of the provisiones of Title 17, Book 4, of the Civil Code are rules of law
of general application and, like section 1823 of the Code, are applicable to
this case which is not a bankruptcy proceeding but a case of a conflict be-
tween citizens as to preference for the collection of their credits out of cer-
tain properties of a common debtor.

The facts are stated in the opinion.

*Mr. Antonio Sarmiento* for the appellant.

*Mr. J. Vendrell* for the appellees.

*Messrs. A. Pérez Pierret* and *L. Llorens Torres* for the
intervenor.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Mercedes Reguero, widow of José C. Garriga, in her own
right and as representative of her minor children José, Car-
men, María, Juan, Rosalía, Alicia and Guadalupe Garriga y
Reguero, brought and action in the District Court of Hu-
macao against the mercantile firm of Maurice O'Meara &
Co. of San Juan, praying the court to adjudge in them a
vendor's lien on certain personal property sold to Pablo
Roig as against another claim which the defendants sought
to enforce against the same personal property.

The complaint alleges that in a public instrument executed
on September 23, 1913, José C. Garriga, the predecessor in
interest of the plaintiffs, sold to Pablo Roig all the fixtures,

machinery and accessories of a printing establishment belonging to him for the sum of $2,625, payable at the rate of $75 monthly and secured by the said property until payment in full by the purchaser of the purchase money. Roig paid instalments amounting to $450. The defendants obtained a judgment in their favor in a certain action brought by them against said Pablo Roig for $355 and some cents and in execution thereof levied on some of the machinery sold by Garriga to Roig on the terms stated. The plaintiffs allege that their lien has preference over that of the defendants, according to sections 1823 and 1827 of the Civil Code.

The defendants demurred to the complaint and the demurrer was overruled. Thereupon they answered. The case was brought to trial and after the evidence was examined the court gave judgment in favor of the plaintiffs in the following terms:

"1. The claim of the plaintiffs in this action is included among those specified in the first paragraph of section 1823 of the Civil Code, as it is for the purchase money of property in the possession of the debtor at the time the levy was made.

"2. The said claim is a preferred lien upon the said property as against all other credits to the extent of the value of the property to which the preference refers, according to section 1827 of the Civil Code.

"3. The plaintiffs are entitled to recover from the debtor, Pablo Roig, the sum of $2,175 to the exclusion of the claim of the defendants in this action.

"4. The said defendants are adjudged to pay to the plaintiffs all the costs and disbursements of this action."

It should be mentioned that Antonio Pérez Pierret intervened in the action and acquiesced in the rendition of judgment as prayed for in the complaint for the reason that he had come to an agreement with the plaintiffs. The defendants did not appear at the trial and after having been given notice of the judgment, appealed therefrom to this court.

Let us consider the errors assigned by the appellants in the order in which they appear:

1. The appellants contend that the district court erred in overruling the demurrer, because the complaint asserts rights of José C. Garriga and no facts are alleged to show a cause of action in the appellees. We are of the opinion that there was no such error. It is set up in the complaint that Garriga was the predecessor in interest of the plaintiffs and they describe themselves as the widow and children of Garriga.

2. The second error assigned is that the evidence does not support the judgment. Lack of evidence to show a cause of action is first insisted upon and it is then alleged that there was no proof that the property levied on was the property sold to Roig.

As to the first point we may say that at the trial the widow of Garriga testified, among other things, that Garriga was her husband and that the other plaintiffs were their children. Nobody objected to this. We have already said that the defendant-appellants failed to appear at the trial. Regarding the second point, not only the deed of sale, but also the inventory of the property sold, were introduced in evidence at the trial. A mere reference to these documents is made in the statement of the case and we must presume that they afforded the trial court sufficient ground for reaching the conclusion that the same property was involved. The property levied on is described in the fourth paragraph of the complaint. That fact was not denied in the answer. And the inventory may have contained a description similar to that given in the complaint. Moreover, this was not the only evidence. The widow also testified as to the property levied on and the action of the intervenor should not be overlooked.

3. The third error assigned is that sections 1823 and 1827 of the Civil Code were improperly applied for three reasons, namely: Because the said sections are applicable only to

bankruptcy cases; because they are not applicable to cases in which a levy has been made, and because this case does not involve a conflict of similar claims.

We believe that in enacting the rules of the Civil Code governing the concurrence and preference of credits the legislators had in mind the proceedings for composition and meeting of creditors. There is no doubt that at this time the federal court has exclusive jurisdiction of bankruptcy matters. Nevertheless, it is also true that many of the provisions of Title 17, Book 4, of the Civil Code are rules of law of general application to cases like the present which is not a bankruptcy case, but a case in which a controversy has arisen between two citizens regarding preference in the collection of their claims out of certain properties of a common debtor.

The case of *Oronoz & Co.* v. *Alvarez*, 23 P. R. R. 497, is not applicable. There the question was regarding the preference of rights derived from certain attachments levied, while the present case refers to the preference of claims by virtue of certain statutory rights.

It is true that the defendants had already obtained a judgment in their favor establishing the legality of their claim and that the plaintiffs were not in that position, but it is equally true that the plaintiffs submitted their entire case to the court, praying for a decision of the question of preference, and the court had an opportunity, based on the pleadings and the evidence, to satisfy itself of the legality of the claim of the plaintiffs before rendering judgment in order to apply, as it properly did, the first paragraph of section 1823 of the Civil Code, which governs this case.

4. The fourth and last error refers to the costs on the theory that the judgment should be reversed because of the other errors assigned. Having found that the other errors assigned were not committed, the judgment appealed from should be affirmed and it follows that the district court did not err in taxing the defeated party with the costs and dis-

bursements of the suit. There is nothing to show that it abused its discretion in so doing.

For the foregoing reasons the appeal must be dismissed and the judgment appealed from

*Affirmed.*

Chief Justice Hernández and Justice Aldrey concurred.

Justices Wolf and Hutchison took no part in the decision of this case.